# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DEBBIE HUGHEY** | : | **CIVIL ACTION** |
| | : | |
| **v.** | : | |
| | : | |
| **SEPTA-SOUTHEASTERN PENNSYLVANIA** | : | **NO. 17-2903** |
| **TRANSPORTATION AUTHORITY, et al.** | : | |

## <u>MEMORANDUM</u>

**PAPPERT, J.**                                                                 **JUNE 30 , 2017**

Plaintiff Debbie Hughey brings this civil action, pursuant to 42 U.S.C. § 1983, against the Southeastern Pennsylvania Transportation Authority (SEPTA), Edward Robinson, and Regina Stone. She alleges that she was injured on May 17, 2014, when the SEPTA bus in which she was a passenger was involved in an accident. The complaint reflects that plaintiff brought a civil action against the same defendants in state court, which appears to have been resolved in arbitration. Plaintiff seeks leave to proceed *in forma pauperis*. The Court will grant plaintiff leave to proceed *in forma pauperis* and dismiss her complaint.

Plaintiff's motion to proceed *in forma pauperis* is granted because it appears that she cannot afford to pay the fees to commence this civil action. Accordingly, 28 U.S.C. § 1915(e)(2)(B)(i) and (ii) require the Court to dismiss the complaint if it is frivolous or fails to state a claim. A complaint is frivolous if it "lacks an arguable basis either in law or in fact," *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), and is legally baseless if it is "based on an indisputably meritless legal theory." *Deutsch v. United States*, 67 F.3d 1080, 1085 (3d Cir. 1995). To survive dismissal for failure to state a claim, the complaint must contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). "[M]ere conclusory statements[] do not

1

suffice." *Id.* Additionally, a district court may address affirmative defenses that are apparent from the face of the complaint. *Ball v. Famiglio*, 726 F.3d 448, 459 (3d Cir. 2013), *abrogated on other grounds by*, *Coleman v. Tollefson*, 135 S. Ct. 1759, 1763 (2015). As plaintiff is proceeding *pro se*, the Court construes her allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "[T]he Due Process Clause is simply not implicated by a *negligent* act of an official causing unintended loss of or injury to life, liberty, or property." *Daniels v. Williams*, 474 U.S. 327, 328 (1986). Here, nothing in the complaint provides a basis for concluding that any of the defendants violated plaintiff's constitutional rights as a result of the motor vehicle accident. Furthermore, Ms. Stone is not a state actor, so she is not subject to liability under § 1983.

In any event, plaintiff's claims are time-barred. Plaintiff's § 1983 claims, as well as any state law claims she intended to bring, are governed by a two-year statute of limitations. *See* 42 Pa. Cons. Stat. § 5524; *Wallace v. Kato*, 549 U.S. 384, 387 (2007). The limitations period began to run from the time "the plaintiff knew or should have known of the injury upon which [her] action is based." *Sameric Corp. of Del., Inc. v. City of Phila.*, 142 F.3d 582, 599 (3d Cir. 1998). Here, the accident that caused plaintiff's injuries occurred in May of 2014, but she did not file this lawsuit until June 27, 2017. Accordingly, plaintiff's claims are time-barred. Additionally, a final judgment entered in her case in state court against the same parties based on the same accident would have a preclusive effect on this case. *See generally Marmon Coal Co. v. Dir., Office Workers' Compensation Programs*, 726 F.3d 387, 394 (3d Cir. 2013).

For the foregoing reasons, the Court will dismiss plaintiff's complaint. Plaintiff will not be given leave to amend because amendment would be futile. An appropriate order follows, which shall be docketed separately.

**_/s/Gerald J. Pappert_**